IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RYAN SPEIGHTS | § | |
| | § | |
| | § | C.A. NO. _____ |
| VS. | § | |
| | § | |
| DIAMOND OFFSHORE MANAGEMENT | § | Pursuant to Rule 9(h) of |
| COMPANY and BAKER HUGHES | § | the Federal Rules of Civil |
| INCORPORATED | § | Procedure - ADMIRALTY |

## PLAINTIFF'S ORIGINAL COMPLAINT

PLAINTIFF, RYAN SPEIGHTS, complains of DEFENDANTS DIAMOND OFFSHORE MANAGEMENT COMPANY and BAKER HUGHES INCORPORATED and, for cause of action, respectfully shows this Honorable Court the following:

**I.**

Plaintiff is a resident of the State of Mississippi.

**II.**

Defendant DIAMOND OFFSHORE MANAGEMENT COMPANY ("DIAMOND OFFSHORE") is a Delaware-incorporated corporation with its principal place of business in the Southern District of Texas. This Defendant may be served with process by serving its registered agent for service in this State: C.T. Corporation System, 1021 MAIN STREET, SUITE 1150, HOUSTON, TX 77002, via certified mail.

Defendant BAKER HUGHES INCORPORATED ("BAKER HUGHES") is a Delaware-incorporated corporation with its principal place of business in the Southern District of Texas. This Defendant may be served with process by serving its registered agent for service in this State: C.T. Corporation System, 1021 MAIN STREET, SUITE 1150, HOUSTON, TX 77002, via certified mail.

### III.

Jurisdiction in this case is founded solely on the basis of Title 28 U.S.C. § 1333 in that this is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h).

### IV.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 688 and pursuant to the admiralty and general maritime laws of the United States. As such, pursuant to Title 28 U.S.C. § 1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security therefore.

### V.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, in that Defendants are residents of, and/or do extensive business in, the Southern District of Texas, and are amenable to process in the Southern District of Texas.

### VI.

At all times material hereto, Defendant DIAMOND OFFSHORE was the owner and/or operator of the OCEAN AMERICA, a vessel operating on navigable waters of the United States of America, off the coast of the State of Texas (the "Vessel").

### VII.

At all times material hereto, Defendant BAKER HUGHES provided equipment for use on the Vessel and employed persons who worked with said equipment on the Vessel.

## VIII.

At all times material hereto, Plaintiff was working on the Vessel as an employee of DIAMOND OFFSHORE, as a seaman assigned as a member of the crew of the Vessel, and was acting within the course and scope of his employment.

## IX.

On or about October 30, 2005, as Plaintiff was performing his regular duties aboard the Vessel, Plaintiff sustained severe injuries to his hand and other parts of his body. Said injuries were caused in whole or in party by the negligence of the Defendants, their agents, servants, equipment and/or employees and were also legally and proximately caused by the unseaworthiness and negligence of the Vessel. More specifically, Plaintiff was directed to assist an employee of BAKER HUGHES in the removal of a guard from a tool, believed to be a wire brush assembly, owned and operated by the BAKER HUGHES employee, when the tool suddenly dropped on his right hand. The incident partially crushed Plaintiff's right hand and ultimately resulted in the amputation of his right index finger, along with severe nerve damage to his right thumb. Plaintiff had emergency medical treatment at UTMB in Galveston.

## X.

By reason of the occurrence made the basis of this action, including the conduct on the part of the Defendants, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

## XI.

As a result of the foregoing injuries, the Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

## XII.

Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

## XIII.

As a result of the injuries sustained in the occurrence, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

## XIV.

Plaintiff is physically impaired as a result of injuries sustained in the occurrences made the basis of this suit. As a consequence he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## XV.

Plaintiff would show that on the above-mentioned date, he was injured while in the service of the vessel. As a result, Defendant DIAMOND OFFSHORE had, and continues to have, a non-delegable duty to provide the Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant DIAMOND OFFSHORE's duty continues. Defendant DIAMOND OFFSHORE has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or have paid maintenance in an insufficient amount. As a result of Defendant DIAMOND OFFSHORE's

failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant DIAMOND OFFSHORE's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

WHEREFORE, PREMISES CONSIDERED, Plaintiff RYAN SPEIGHTS, prays for judgment against Defendants, jointly and severally, in the amount of ONE MILLION, TWO HUNDRED THOUSAND DOLLARS ($1,200,000.00), pre and post-judgment interest as allowed by law, for all costs of Court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: _____
Anthony G. Buzbee
State Bar No. 24001820
1910 Ice & Cold Storage Bldg.
104 21st Street (Moody Avenue)
Galveston, Texas 77550
Phone: 409/762-5393
Fax: 409/762-0538
www.txattorneys.com

OF COUNSEL:
The Buzbee Law Firm
Peter K. Taaffe
State Bar No. 24003029

5

Allain F. Hardin, LA Bar #6538, T.A.
FRANSEN & HARDIN, A.P.L.C.
814 Howard Avenue
New Orleans, LA 70113
Tel: (504) 522-1188
Fax: (504) 524-8317

                              ATTORNEYS FOR PLAINTIFF